Martin, J.
Buisson, the executor of Pichot, is appellant from a judgment which rejects his pretensions to oppose the proceedings of the Bank, tending to the sale of several lots of ground in *507 the city of New Orleans, mortgaged in his lifetime by Pichot, a stockholder and debtor of the Bank, Buisson being in possession of the premises.
The claim of the Bank was resisted on the ground that, being a claim for money against the estate cf Buisson’s testator, it ought to have been prosecuted before the Court of Probates of the parish of Assumption, in which parish Pichot was domiciliated, and in which his succession was opened.
This exception to the jurisdiction of the Parish Court was properly overruled; because the Bank did not seek a judgment against Buisson, as executor of Pichot, but asked only that Buisson, being in possession of the lots mortgaged'by Pichot, should either pay the mortgage debt, or suffer the premises to be sold. * On the merits Buisson pleaded the general issue only.
The Parish Court gave judgment for the plaintiffs against Buisson, in his capacity of testamentary executor, for the amount of their claim, to be satisfied by privilege and preference out of proceeds of the sale of 120 shares of the capital stock in the Citizens Bank, and of the mortgaged premises.
The claim of the Bank rests on the 24th section of its charter, which provides, that “ all property mortgaged to said corporation for any purpose, may be seized and sold at any time, according to law, in whosesoever hands or possession the same may be found, notwithstanding any alienation thereof, or change of-possession by succession, or descent to heirs or legatees, by last will and testament or otherwise, in the same manner as if the same was in the possession of the original mortgagor P-
It is true, that the property mortgaged to the Bank must be sold according to law ; but it is also true, that it may be sold notwithstanding any change of possession by succession, and in the same manner as if the same was in the possession of the original mortgagor. Now it is true, that there has been a change of possession by succession, and the premises are no longer in the possession of the mortgagor ; but the charter has provided that these circumstances shall not affect the rights of the Bank. An order of seizure and sale was therefore correctly taken, and notice given to the person in possession, with a view of affording him the opportunity either to pay the mortgage debt, and thus avoid *508 being disturbed, or to suffer the Bank to sell the premises. The circumstance of the person in possession being the testamentary executor of the mortgagor, could have no influence on the conduct of the Bank, it being an absolutely immaterial one.
The bank next saw fit, for reasons which do not appear, and the examination of which would be useless, to change their proceedings from the via executiva to the vía ordinaria, filing a supplemental petition, in which they cite Buisson as the person in possession, and not as the testamentary executor of their deceased debtor, and pray judgment against him for the mortgage debt, or that the mortgaged premises be sold to discharge it.
It was at this period that the plea to the jurisdiction of the court was interposed, and, as has been already said, correctly overruled. The Bank had an undoubted right, like any other mortgage creditor, to substitute proceedings in the via ordinaria to those in the via executiva, to which it had at first resorted ; but it had no right to pray for judgment against the testamentary executor in his said capacity, neither did they so, for the words testamentary executor do not appear in any part of the supplemental petition, and the Judge, in our opinion, erred in giving judgment against a defendant, who had been cited merely as the actual possessor of the mortgaged premises, for a sum to be paid by him in his capacity of testamentary executor.
It is, therefore, ordered and decreed, that the judgment be annulled and reversed ; and it is ordered and decreed, that unless Frederic Buisson, the person in actual possession of the mortgaged premises, shall pay to the plaintiffs the sum of $5400, with interest thereon at the rate of ten per cent per annum from the first of April, 1842, until the 11th of April, 1848, and from thence until paid as follows: on $240, the amount of instalments due, at the rate of ten per cent per year, and on the balance of said sum of $5400, after deducting the said amount of instalments due, to wit, on the sum of $5160, at the rate of six and one-half per cent per annum, that the mortgaged premises may be sold to satisfy the claim of the plaintiffs as aforesaid, with costs in the Parish Court; those of the appeal to be borne by the plaintiffs and appellees.